UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL DUANE STRAIN,<br>Petitioner,<br><br>v.<br><br>RAYMOND BYRD,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 21-11465-JCB |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

September 15, 2021

Boal, M.J.

For the reasons set forth below, and because the parties have not yet consented to proceed before a Magistrate Judge, this Court orders that this action be reassigned to a District Judge for further proceedings, and recommends to the District Judge to whom the case is assigned, as follows.

I.  BACKGROUND

On September 7, 2021, Michael Duane Strain, who is confined at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, filed a handwritten petition for writ of habeas corpus seeking immediate release.  Petition ("Pet."), Docket No. 1.  With the petition, Strain filed a motion for an emergency hearing.  Emergency Motion ("Mot."), Docket No. 2.  This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 4.

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that the United States Court of Appeals for the Eighth Circuit affirmed Strain's

conviction and sentence in the Northern District of Iowa.  See United States v. Strain, No. 20-1289 (8th Cir. Feb. 12, 2021) (unpublished).

In his petition, Strain demands his "immediate release."  Pet. at p. 1.  The petition uses language that is commonly used by sovereign citizen groups.  See Bey v. State, 847 F.3d 559, 561 (7th Cir. 2017) (discussing sovereign citizen ideology); United States v. Ulloa, 511 F. App'x. 105, 107 n.1 (2d Cir. 2013) (same).   The first sentence of the petition states that "prisoner is non-corporate, sentient, live man and not subject to corporate rules, regulations or statues not in pursuance of the laws of the land as established by the Organic Constitution."  Pet. at 1.  Strain explains that "as a Prisoner [he] is under no contract with the UNITED STATES," and that as an American, he is "not property belonging to the UNITED STATES."  Id.  The signature line of the petition reads as follows:  Michael Duane; of the Strain Family."  Id. at 2.  Attached to the petition are various legal documents, several of which indicate that Strain refuses to use documents concerning his legal name, social security number and birth certificate.  Docket 1-1.

II.     STANDARD OF REVIEW

Strain's petition has not been served pending the Court's preliminary review of the document. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

III.    DISCUSSION

The petition is subject to dismissal because Strain has not set forth a basis for this Court to exercise habeas jurisdiction. Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, this Court is without jurisdiction to entertain such a petition. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted). Here, Strain is in custody in Mississippi. Accordingly, the District of Massachusetts is without jurisdiction.

IV.    ORDER AND RECOMMENDATION

In accordance with the foregoing, this Court orders as follows:

1.  Because this Court is without jurisdiction over the petition, this Court directs that the file be returned to the Clerk's Office for reassignment to a District Judge; and

2.  This Court recommends that the District Judge to whom this case is reassigned that the petition be dismissed without prejudice.

V.    REVIEW BY DISTRICT JUDGE

Strain is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

within 14 days after service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections. Strain is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

    SO ORDERED.

    /s/ Jennifer C. Boal
    JENNIFER C. BOAL
    United States Magistrate Judge